### Application of BROOKS.
Docket No. 74025-CCT. Order No. 11811.
Florida Public Service Commission.
December 10, 1974.

Richard J. Brooks, Altamonte Springs, for the applicant.

Claude Mixdorf, Merritt Island, for Joiner Van & Storage of Cocoa, Inc.

Robert I. Weldon, Cocoa, for Weldon Moving & Storage Co., protestant.

Joseph A. Lupo, Orlando, for Fidelity Storage & Transfer Co., protestant.

Donald L. Ravey, Melbourne, for Melbourne-Eau Gallie Moving & Storage Co., protestant.

Robert E. Mantor, Cocoa for Bob & Ivey, Inc., protestant.

Bruce I. Gerard, Rockledge, for Cape Canaveral Moving & Storage, Inc., protestant.

Lloyd S.L.C. Thayer, Rockledge, for A B & L Moving & Storage Co., protestant.

The following commissioners participated in the disposition of this matter: WILLIAM T. MAYO and PAULA F. HAWKINS.

BY THE COMMISSION.

Pursuant to notice the commission by its duly designated hearing examiner, James M. Barclay, held a public hearing on this matter in Cocoa on June 6, 1974.

Gerald A. Brooks, d/b/a Brooks Moving and Storage, seeks authority to transport household goods in Brevard County. After an insufficiently noticed hearing in March the commission granted a certificate but then rescinded it and reopened the hearing to receive protests of urban household goods carriers of Brevard County who had not received notice. Protests of the two statewide carriers appearing at this hearing are of little weight herein due to the orders in this docket which recognized their failure to participate in the first hearing after they were properly notified. (See Orders 11336 and 11396)

At the reopened hearing, Brooks and three witnesses, all of whom testified at the first hearing, testified again. Applicant teaches at Rockledge Junior High School. During the summer of 1973 he made several moves of household goods in Brevard County and upon learning that he needed a certificate from this commission to do so, he filed an application. He has two trucks and but for obtaining insurance, was ready to commence operations under his certificate in April only to learn it had been rescinded. As a result of the first hearing, the commission granted applicant's request to maintain records in his home pursuant to Rule 25-5.28, F.A.C., and he should still be allowed to do so. Applicant is qualified to perform the proposed transportation and obtained temporary authority to do so under Order 11481, dated June 6, 1974.

The three public witnesses generally stated problems in getting carriers for moves within Brevard County, particularly on weekends and on short notice. They were told of delays ranging from ten to fourteen days before they could be moved. Five additional witnesses adopted such testimony as their own.

The two protesting Cocoa MH carriers, Joiner and Weldon, oppose this county-wide application on general principles and feel that its grant would be detrimental to their operations. They claim they could handle these moves, but these protestants cannot serve all points in Brevard County. Three other MH carriers, one serving Cocoa and two serving Rockledge, did not present any evidence herein therefore their protest is of little weight.

From the foregoing, the commission concludes that public convenience and necessity requires the grant of the application; and, that grant of that authority will not adversely affect the transportation facilities or transportation as a whole in the territory involved.

12

It is therefore ordered that the application of Gerald A. Brooks, d/b/a Brooks Moving and Storage, 33 Park Avenue, Sutton Place, Rockledge, Florida 32955, for a certificate of public convenience and necessity be granted and Certificate No. 1164 be issued so as to authorize the transportation of household goods to from and between all points in Brevard County, with equipment domiciled at Rockledge.

It is further ordered that Brooks be authorized to keep his books and records at his residence.

It is further ordered that the above authority be held in abeyance pending the applicant complying with this commission's rules pertaining to common motor carriers of freight within 60 days of the commission order, otherwise, the above grant of authority to be null and void.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 10th day of December, 1974.

*William B. DeMilly*
Administrative Secretary